The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTAL HAYNES, a single woman, MARCY JOHNSON, as Executor of the Estate of Michael H. Kessler, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, a National Banking Association<br><br>Defendant. | NO. 3:18-cv-05190-BHS<br><br>FIRST AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES |

Plaintiffs, CRYSTAL HAYNES, a single woman, and MARCY JOHNSON, as Executor of the Estate of Michael H. Kessler, individually and on behalf of others similarly situated, through their attorneys of record, Jeffers, Danielson, Sonn & Aylward, P.S., by Clay M. Gatens and Devon A. Gray, bring this Complaint for Class Action and Damages against Bank of America, National Association ("Bank of America" or "Defendant"), and allege as follows:

## I.      NATURE OF THE CASE

1.1     Bank of America, one of the largest lending institutions in America, contracts with and employs agents throughout Washington to provide property inspection and

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

preservation services for homes located in Washington that are in default under the terms of their loan agreement, but which homes have not been foreclosed upon.

1.2     Upon a borrower's default, but prior to the conclusion of any foreclosure proceedings, Bank of America and/or its agents act to determine the occupancy status of properties, value properties, secure properties, remove personal property from properties, and provide other so-called "property preservation measures."

1.3     Bank of America conducts post-default, pre-foreclosure "property preservation measures" inside of the borrower's home and other buildings, including, but not limited to: forcibly entering the borrower's home or other buildings by removing and destroying the borrower's existing locks, padlocks, and/or hasps; installing new locks, lock boxes, padlocks and/or hasps to provide access to the interior of the home or other buildings to Bank of America or its agents; boarding up doors or windows of the home or other buildings; winterizing; turning on or off utilities; conducting interior occupancy inspections, appraisals and evaluations; and removing debris and/or personal property.

1.4     During and after these entries and property preservation measures, borrowers are ousted from their homes and lose their exclusive right to fully use and enjoy their property.

1.5     In some cases, after the borrower has defaulted but prior to the completion of any foreclosure, Bank of America instructs its agents to "trash out" the property, destroy personal property, and/or remove personal property from the exterior and/or interior of the borrower's property. Such borrowers' personal property is damaged, destroyed, and/or converted.

1.6     Alternatively, in some cases, after the borrower has defaulted but prior to the completion of any foreclosure, Bank of America does not instruct its agent to remove, damage, or destroy personal property. However, its agents do remove, damage, or destroy personal property from the interior and exterior of the home and other buildings. Such borrowers' personal property is damaged, destroyed, and/or converted. Bank of America is aware of such

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

conduct, but does not adequately supervise its agents, and does little to ensure that further personal property conversions do not occur, nor does it compensate borrowers for damaged, destroyed, and/or converted personal property, or replace or repair such personal property.

1.7     Stated succinctly: Bank of America unlawfully orders its agents to remove personal property from borrowers' homes, and therefore causes the property to be unlawfully removed. When it does not order its agents to unlawfully remove personal property, it does not adequately supervise those agents, therefore facilitating their ability to remove personal property.

1.8     Bank of America purports to derive its purported authority to enter properties, homes, and other buildings and conduct these property preservation measures from a form deed of trust provision (the "Entry Provision") contained in the deed of trust securing each borrower's property. Bank of America or its agents engage in these activities without receiving a court order or the borrower's post-default consent.

1.9     Bank of America and/or its agents receive revenue by charging clients, and/or borrowers and/or third parties for its and/or its agents' inspections and property preservation measures.

1.10    On July 7, 2016, in *Jordan v. Nationstar Mortg., LLC*, 185 Wn.2d 876 (2016) (the "*Jordan* Decision"), the Washington State Supreme Court held that the Entry Provisions relied upon by Bank of America are unenforceable as contrary to long-established Washington State law. The Washington State Supreme Court likewise held that the Entry Provisions violated RCW 7.28.230.  *Jordan* rejects any purported legal justification for Bank of America or its agents' presence on borrowers' properties for the performance of these lock changes, inspections, and other property preservation measures.

1.11    Nevertheless, Bank of America has a common course of conduct whereby it continues to wrongfully and forcibly enter borrowers' properties prior to completion of a foreclosure, and without post-default consent or court order, to perform destructive and

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

disruptive acts, including destroying the borrower's existing lock(s), padlock(s), and hasp(s); removing the destroyed lock(s), padlock(s), and hasp(s); replacing the destroyed lock(s), padlock(s), and hasp(s) with its own and thereby allowing it and/or its agents to conduct unnoticed interior inspections, valuations, and property preservation measures in homes and other buildings; converting personal property found inside and outside of the home and other buildings; and denying borrowers the exclusive possession of their property prior to the completion of foreclosure.

1.12    Bank of America and/or its agents have has a common course of conduct whereby they continue to receive revenue by charging clients, third parties, and/or borrowers for these forcible entries, interior inspections, and other property preservation measures.

1.13    And not only do Bank of America and/or its agents have no legal right to be present on borrowers' properties in advance of the completion of all foreclosure proceedings, but Bank of America and/or its agents regularly act beyond the scope of the unenforceable and illegal form deed of trust provisions they rely upon by removing and/or destroying non-hazardous personal property.

1.14    As detailed herein, Bank of America's common and continuing acts and practices constitute common law trespass, negligent trespass, intentional trespass, negligent supervision, and violate Washington's Consumer Protection Act ("CPA") (RCW 19.86, *et seq.*), all in violation of Washington State law.

## II.    PARTIES

2.1    <u>Representative Plaintiff Crystal Haynes.</u>    CRYSTAL HAYNES is a single woman who owned real property located at 1485 Bobs Hollow Lane, DuPont, Washington (the "Haynes Property").

2.2    Ms. Haynes has agreed to act as Class representative in this matter as "Plaintiff Haynes" or "Representative Plaintiff Haynes."

2.3    <u>Representative Plaintiff Kessler.</u>    MARCY JOHNSON is the Executor of the

FIRST AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
(3:18-cv-05190-BHS ) Page 4 of 38

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

Estate of Michael H. Kessler, which owns the real property located at 32 Stevens Avenue, Electric City, Washington (the "Kessler Property"). Michael H. Kessler died on November 4, 2013.

2.4    Ms. Johnson, as Executor of the Estate of Michael H. Kessler, has agreed to act as Class representative in this matter as "Plaintiff Kessler" or "Representative Plaintiff Kessler."

2.5    Defendant.    Defendant is, and at all times relevant hereto was, a federally-chartered National Banking Association that is organized and exists under the National Banking Act, with its principal place of business located in Charlotte, North Carolina.

2.6    Bank of America provides personal, small business, and commercial banking services. It offers personal accounts and services, such as checking accounts, savings accounts and CDs, debit and prepaid cards, and credit cards; foreign exchange, online banking, online bill pay, transfer, mobile banking, and global remittance services; identity theft protection plans; mortgage loans, home equity lines and loans, personal lines and loans, student loans, and auto loans; auto, specialty vehicle, life, homeowners', renters', and umbrella liability insurance solutions; and wealth management and investing solutions.

2.7    Bank of America regularly transacts business throughout the state of Washington and Pierce County, Washington.

2.8    Bank of America, N.A. is a wholly owned subsidiary of Bank of America Corporation (NYSE: BAC). *See* http://investor.bankofamerica.com/phoenix.zhtml?c=71595&p=subsidiaries#fbid=QZGHe-MVaZa.

2.9    Bank of America Corporation claims to be "one of the world's leading financial institutions," with approximately 4,500 retail financial centers and 16,000 ATMs. *See http://investor.bankofamerica.com/phoenix.zhtml?c=71595&p=irol-homeprofile#fbid=U-r-wduEvc2.* It serves individuals in all 50 states. *Id.* It boasts that it serves 47 million residential households, and every week it interacts with such customers more than 130 million times. *See*

FIRST AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
(3:18-cv-05190-BHS ) Page 5 of 38

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

*https://about.bankofamerica.com/en-us/who-we-are/our-strategy.html#fbid=    WlZLLTuztIi.*
Bank of America Corporation also boasts that it is an industry leader in both domestic and international commercial markets, working "with virtually every company in the S&P 500." *Id.*

2.10    According to a letter dated March 3, 2017 from Brian Moynihan, CEO of Bank of America Corporation, Bank of America Corporation grew its revenue 13% in 2016, earning "nearly $18 billion." *See https://about.bankofamerica.com/en-us/who-we-are/hear-from-our-ceo.html#fbid=WlZLLTuztIi.* Mr. Moynihan reports that Bank of America Corporation returned $6.6 billion in capital to its shareholders after 2016 and its tangible book value per share increased 9% in 2016. *Id.* Bank of America Corporation boasts that it has "one of the world's top-tier investment banks, ranked No. 3 globally in investment banking fees." *Id.*  It also boasts that its retail banking footprint covers approximately 80% of the U.S. Population. https://about.bankofamerica.com/en-us/who-we-are/our-history-and-heritage.html#fbid= WlZLLTuztIi/hashlink=%2523technology-innovations.

2.11    Bank of America is one of the largest residential mortgage servicers operating in Washington State, servicing thousands of Washington residential mortgages.

### III.    JURISDICTION AND VENUE

3.1    This is an action for damages.  Jurisdiction and venue are appropriate in this Court pursuant to RCW 4.12.010, RCW 4.12.020, and 28 U.S.C. § 1332.

### IV.    BACKGROUND REGARDING BANK OF AMERICA'S COMMON POLICIES AND PRACTICES

#### *Bank of America's Unfair and Deceptive Business Practices*

4.1    Bank of America's entry upon a residential property usually begins once a homeowner becomes delinquent or defaults on his or her mortgage.

4.2    Upon a Washington borrower's delinquency or default, pursuant to the form provision contained in the deed of trust securing the borrower's home, Bank of America will instruct its agent to inspect the property to determine its occupancy status.

4.3    Once the property is deemed "vacant" or "abandoned," Bank of America will

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

instruct its agent to forcibly enter the property by removing, destroying, and replacing existing locks, lock boxes, padlocks, and/or hasps. Bank of America and/or its agents derive revenue from its and/or its agents' forcible entry into each home and other building through fees charged to clients, third parties and/or borrowers.

4.4    Bank of America's forcible entries cause damage to the borrower's properties, including the destruction of the borrower's existing lock(s), lock box(es), padlock(s) and hasp(s).

4.5    Bank of America instructs its agents to post a notice upon the borrower's home instructing the borrower to contact Bank of America and/or its agent if the home is not vacant after forcibly entering and replacing lock(s), lock box(es), padlock(s) and hasp(s) on the borrower's home and/or other buildings.

4.6    The notices Bank of America instructs its vendors to place on borrowers' homes communicate to the borrower that the borrower must contact Bank of America and/or its agent in order to obtain entry into the building.

4.7    The notices Bank of America instructs its vendors to place on borrowers' homes communicate to the borrower that Bank of America and/or its agents have the lawful right and/or obligation to enter the borrower's property, destroy and replace the borrower's locks, and/or complete property preservation measures within the building.

4.8    Bank of America also instructs its agents to use such replaced locks, lock boxes, padlocks, and/or hasps to enter borrowers' properties and other buildings and perform interior "property preservation" and/or "inspection" services such as boarding up doors and/or windows; winterizing; turning utilities on or off; conducting interior inspections, appraisals, or valuations; and removing debris or personal property from the property.

4.9    Bank of America's agents sometimes remove personal property from a borrower's property while on the property to conduct inspections and/or property preservation services, even when Bank of America does not expressly instruct them to do so.

FIRST AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
(3:18-cv-05190-BHS ) Page 7 of 38

4.10    When Bank of America learns that a homeowner wants access to his or her home or other building, Bank of America does not: (a) immediately provide access to the homeowner; (b) remove the locks that it had placed on the building; (c) restore the homeowner's locks to the home; (d) return the locks to the homeowner; or (e) restore exclusive possession of the home to the borrower. Nor does Bank of America disgorge to the borrower the revenue it generated as a result of removing, destroying, or replacing the locks on the borrower's property.

4.11    When Bank of America learns that a homeowner wants the damage to a home or building repaired or personal property repaired, replaced, or returned, Bank of America does not repair the damage to the building, nor does it repair, replace, or return the borrower's personal property. Nor does Bank of America disgorge to the borrower the revenue it or its agents generated as a result of damaging or destroying the borrower's real or personal property, or otherwise entering the home or other buildings to conduct property preservation measures and inspections therein.

4.12    On information and belief, Bank of America's unfair and deceptive acts and common practices described above are widespread, occurring throughout Washington State.

### *The Washington Supreme Court's Decision Invalidating the Deed of Trust Provisions in Jordan v. Nationstar Mortgage, LLC, No. 92081-8*

4.13    In 2012, a lawsuit entitled *Jordan v. Nationstar Mortgage, LLC*, was filed in Washington State Superior Court challenging the legality and enforceability of the form deed of trust entry provisions relied upon by mortgage lenders and servicers to enter borrowers' homes and "secure" their properties upon default, abandonment, or vacancy.

4.14    Following the grant of class certification in 2014, counsel for Nationstar removed the lawsuit to the United States District Court for the Eastern District of Washington, where it was assigned to the Hon. Thomas O. Rice under Cause No. 2:14-cv-00175-TOR.

4.15    In 2015, the parties filed cross-motions for partial summary judgment, and on August 10, 2015, Judge Rice issued an Order Certifying Questions to Washington Supreme Court on the following bases:

FIRST AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
(3:18-cv-05190-BHS ) Page 8 of 38

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1
2
3
4
5
6
7
8
9

> Put succinctly, this Court has been asked to decide whether so-called Entry Provisions within the deeds of trust of Plaintiff and other class members are enforceable under Washington law absent post-default consent of the borrower or permission from a court. Nationstar contends the Provisions—akin to a limited license or similar non-possessory interest in land—merely grant the lender the ability to enter, maintain, and secure the encumbered property and that such conduct does not constitute possession in violation of Washington's lien theory of mortgages. Ms. Jordan, on the other hand, contends the Entry Provisions unlawfully deprive a borrower of her exclusive right to possession prior to foreclosure and that the borrower cannot agree by contract to relinquish such right prior to default. Instead, Ms. Jordan asserts that the lender either must obtain post-default consent of the borrower or a court-appointed receiver pursuant to RCW chapter 7.60.

10
11
12
13
14
15

> Because of the complexity of the state law issues presented in the parties' cross-motions for partial summary judgment and their significant policy implications, this Court finds that the Washington Supreme Court, which has not had occasion to settle these issues, "is better qualified to answer the certified questions in the first instance." . . . Further, this Court finds the Washington Supreme Court's answers are "necessary . . . in order to dispose of [this] proceeding."

16
17

*Order Certifying Questions to Washington Supreme Court*, No. 2:14-cv-00175-TOR, at pp. 3–4 (E. D. Wash., August 10, 2015) (internal citations omitted).

18
19

  4.16 Judge Rice then certified, *inter alia*, the following question of law to the Washington Supreme Court:

20
21
22
23
24

> (1) Under Washington's lien theory of mortgages and RCW 7.28.230(1), can a borrower and lender enter into a contractual agreement prior to default that allows the lender to enter, maintain, and secure the encumbered property prior to foreclosure?

*Id.* at p. 10.

25
26

  4.17 On July 7, 2016, the Washington Supreme Court issued its *En Banc* Opinion in *Jordan*, answering "the first certified question in the negative." *Jordan*, 185 Wn.2d at 883.

27

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

The Court explained, "Our case law is clear that Washington law prohibits a lender from taking possession of property before foreclosure of the borrower's home." *Id.* at 884. The Court concluded that the deed of trust Entry Provisions allow the lender to take possession of the borrower's home in advance of the conclusion of a foreclosure of the borrower's home:

> From any approach, we find that Nationstar's conduct constituted possession. . . . Nationstar's vendor's actions constituted possession because its actions are representative of control. The vendor drilled out Jordan's existing locks and replaced the lock with its own. . . . [A]lthough [Jordan] was able to obtain a key by calling, the process made Nationstar the "middle man." She could no longer access her home without going through Nationstar. . . . Nationstar effectively ousted Jordan by changing her locks, exercising control over the property. . . . Changing the locks is akin to exercising control, which is the key element of possession. By changing the locks, Nationstar took possession of the property. Since these actions are authorized by the entry provisions, the entry provisions allow the lender to take possession of the property. Because Washington law prohibits lenders from taking possession of the borrower's property before foreclosure, the provisions are in conflict with state law. Therefore, we must answer the first certified question in the negative and find that the entry provisions are unenforceable.

*Id.* at 888–89.

4.18    The Court concluded: "[T]he entry provisions are in direct conflict with state law and are unenforceable." *Id.* at 894.

4.19    As held by the Washington Supreme Court in its *Jordan* Decision, Bank of America has no legal right to engage in its common practice of forcible entry into pre-foreclosure homes and other buildings, damage to borrowers' real property and conversion of personal property, and interference with borrowers' exclusive right to full use and enjoyment of their properties prior to the completion of any foreclosure or sale at law.

4.20    However, Bank of America continues to engage in these common practices even after the *Jordan* Decision, and without borrower consent or court order: it continues to maintain its locks, lock boxes, padlocks, and hasps on borrowers' pre-foreclosure properties; it continues

FIRST AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
(3:18-cv-05190-BHS ) Page 10 of 38

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

to enter properties through such locks; it continues to conduct inspections and property preservation actions; it continues to allow and/or instruct agents to remove personal property from pre-foreclosure properties; and it continues to generate revenue from such actions. On information and belief, Bank of America also continues to install new locks, lock boxes, padlocks, and hasps on borrowers' properties prior to the completion of foreclosure and without court permission.

**V.    REPRESENTATIVE PLAINTIFFS**

***Representative Plaintiff Haynes***

5.1    Representative Plaintiff Haynes is just one example of Bank of America's common pattern and practice of unlawfully entering upon Washington borrowers' properties in advance of completing a lawful foreclosure, damaging borrowers' real property, damaging borrowers' personal property, and denying borrowers their exclusive right to the full use and enjoyment of their property prior to completion of a foreclosure.

5.2    Representative Plaintiff Haynes, at all times material hereto, owned a single-family home located at 1485 Bobs Hollow Lane, DuPont, Washington (the "Haynes Property").

5.3    At all times material hereto, Bank of America was the beneficiary of a deed of trust secured by the Haynes Property and recorded under Pierce County Auditor Number 200101310795 on January 31, 2001 (the "Deed of Trust").

5.4    The Deed of Trust contains an Entry Provision.

5.5    Within the applicable statutes of limitation Bank of America or its agents entered the Haynes Property without her consent or permission of a court of competent jurisdiction.

5.6    On information and belief, Bank of America relied on the Entry Provision to conduct its forcible entry into the Haynes Property.

5.7    Ms. Haynes lawfully owned the Haynes Property when it was entered upon by Bank of America or its agents.

5.8    At the time of the entry, the loan securing the Haynes Property was in default,

FIRST AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
(3:18-cv-05190-BHS ) Page 11 of 38

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1    but no foreclosure proceedings had been initiated or completed.

2        5.9    At the time of the entry, the form Entry Provision purporting to authorize Bank

3    of America's presence on the Haynes Property in the event of default was unenforceable as

4    contrary to Washington State law, pursuant to the *Jordan* Decision.

5        5.10    At the time of the entry, the Haynes Property was neither vacant nor abandoned.

6        5.11    To gain entry to the Haynes Property, Bank of America or its agent damaged the

7    Haynes Property, including damaging a lock and a door.

8        5.12    While on the Haynes Property, Bank of America or its agent changed the locks

9    upon the Haynes Property, entered the home, damaged the ceiling, and damaged Ms. Haynes'

10   personal property.

11       5.13    Before leaving, Bank of America or its agent left one or more notices on the

12   Haynes Property. The notice stated that Bank of America and/or its agent found the property to

13   be vacant and has the right and duty to protect the property by rekeying and/or winterizing the

14   property. The notice directed the owner to contact Bank of America or its agent regarding the

15   entry and lock change and placed the burden on the borrower to prove to Bank of America

16   and/or its agent if the property is not vacant.

17       5.14    Bank of America and/or its agent placed the notices upon Ms. Haynes property

18   using a strong adhesive that made the sticker nearly impossible to remove and, even after

19   removal, left behind a sticky residue on Ms. Haynes' home.

20       5.15    Upon returning to the Haynes Property, Ms. Haynes discovered the Haynes

21   Property had been entered upon and the front door locks had been changed.  Ms. Haynes was

22   able to access the interior of the house through one door upon which the lock had not been

23   adequately changed.  Once inside, Ms. Haynes discovered the home had been entered, and her

24   real and personal property had been damaged.

25       5.16    At no time did Bank of America or its agent remove its locks or lock box from

26   the Haynes Property, return or replace the original locks upon the Haynes Property or repair or

27

FIRST AMENDED COMPLAINT FOR CLASS ACTION AND
DAMAGES
(3:18-cv-05190-BHS ) Page 12 of 38

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

reimburse Ms. Haynes for the damaged caused to the Haynes Property or Ms. Haynes' personal property.

5.17    Bank of America never removed its locks from the Haynes Property, and never affirmatively contacted Ms. Haynes to offer to remove its locks, even after the *Jordan* Decision.

5.18    On information and belief, Bank of America and/or its agents received revenue in the form of fees as a result of its or its agents' unlawful entry into the Haynes Property and/or the property preservation activities conducted therein.

5.19    The value of the personal property damage suffered by Ms. Haynes is unknown at this time, but many of Ms. Haynes' items of clothing were damaged, and other personal property was ransacked.

5.20    The value of the damage to the Haynes Property is unknown at this time, but the existing door locks were destroyed and damage to an interior ceiling occurred as a result of Bank of America's or its agent's wrongful entry.

5.21    The reasonable rental value damage arising from the denial of the full use and enjoyment of the Haynes Property is unknown at this time.

5.22    The exact value of the wrongful revenue generated by the unlawful entry and property preservation activities is unknown at this time.

5.23    On information and belief, the actions and inactions alleged above are part of Bank of America's common business acts and practices.

### *Representative Plaintiff Kessler*

5.24    Representative Plaintiff Kessler is yet another example of Bank of America's common pattern and practice of unlawfully entering upon Washington borrowers' properties in advance of completing a lawful foreclosure, damaging borrowers' real property, converting borrowers' personal property, and denying borrowers their exclusive right to the full use and enjoyment of their property prior to the completion of a foreclosure.

5.25    Representative Plaintiff Kessler, at all times material hereto, owned a single-

FIRST AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
(3:18-cv-05190-BHS ) Page 13 of 38

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

family home located at 32 Stevens Avenue, Electric City, Washington (the "Kessler Property").

5.26    At all times material hereto, Bank of America was the beneficiary of a deed of trust secured by the Kessler Property and recorded under Grant County Auditor Number 1209025 on February 14, 2007 (the "Deed of Trust").

5.27    The Deed of Trust contains an Entry Provision.

5.28    Within the applicable statutes of limitation Bank of America or its agents forcibly entered the Kessler Property without Mr. Kessler or the Executor's consent or the permission of a court of competent jurisdiction. Bank of America or its agents entered the home and other buildings on the Kessler Property multiple times in 2015 alone.

5.29    While on the property, Bank of America or its agents removed, destroyed, and replaced Plaintiff Kessler's locks and conducted inspections and property preservation measures in the home and other buildings.

5.30    On information and belief, Bank of America and/or its agents received revenue as a result of its or its agents' forcible entries, interior inspections, and property preservation measures.

5.31    On information and belief, Bank of America relied on the Entry Provision to conduct its forcible entries, interior inspections, and property preservation measures on the Kessler Property.

5.32    Plaintiff Kessler lawfully owned the Kessler Property when it was entered upon by Bank of America or its agents.

5.33    At the time of the entries, the loan securing the Kessler Property was in default, but no foreclosure proceedings had been completed.

5.34    At the time of the entries, the form Entry Provision purporting to authorize Bank of America's presence on the Kessler Property in the event of default was unenforceable as contrary to Washington State law, pursuant to the *Jordan* Decision.

5.35    At the time of the initial lock change, the Kessler Property was neither vacant

FIRST AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
(3:18-cv-05190-BHS ) Page 14 of 38

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

nor abandoned nor left unsecure.

5.36    To gain entry to the Kessler Property, Bank of America or its agent damaged Kessler Property by destroying the existing locks.

5.37    Before leaving, Bank of America or its agent left one or more form notices on the Kessler Property. The notice stated that Bank of America and/or its agent found the property to be vacant and has the right and duty to protect the property by rekeying and/or winterizing the property. The notice directed the owner to contact Bank of America or its agent regarding the entry and lock change and placed the burden on the borrower to prove to Bank of America and/or its agent if the property is not vacant.

5.38    Upon returning to the Kessler Property, Plaintiff Kessler discovered that the Kessler Property had been entered upon and that Bank of America or its agent had posted a form notice. Soon after, Plaintiff Kessler learned that Bank of America or its agents had entered the Kessler Property and changed the locks. Plaintiff Kessler was ultimately able to access the interior of the house by damaging a secondary door. Once inside, Plaintiff Kessler discovered that the home had been entered, and its real and personal property had been removed.

5.39    At no time did Bank of America or its agent remove its lock(s), lock box(es), padlock(s), or hasps from the Kessler Property, return or replace the original locks upon the Kessler Property, or reach out to Plaintiff Kessler and offer to restore exclusive possession of the property, even after the *Jordan* Decision. Nor did Bank of America or its agent disgorge (or offer to disgorge) the revenue received as a result of its entry, inspection, and property preservation activities on the Kessler Property.

5.40    At no time did Bank of America or its agent return, replace, or reimburse Plaintiff Kessler for the missing personal property. Nor did Bank of America or its agent disgorge (or offer to disgorge) any revenue received as a result of its removal of personal property.

5.41    The value of the personal property damage suffered by Plaintiff Kessler is

FIRST AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
(3:18-cv-05190-BHS ) Page 15 of 38

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

unknown at this time, but is believed to exceed $1,000.00.

5.42    The value of the damage to the Kessler Property is unknown at this time, but the existing door locks were destroyed and their replacement value is estimated to exceed $100.00.

5.43    The reasonable rental value damage arising from the denial of the full use and enjoyment of the Kessler Property is unknown at this time.

5.44    The exact value of the wrongful revenue generated by the unlawful entry and property preservation activities is unknown at this time.

5.45    On information and belief, the actions and inactions alleged above are part of Bank of America's common business acts and practices.

## VI.    PROPRIETY OF CLASS ACTION PROSECUTION

### *Proposed Class Definition*

6.1    The members of the proposed Class include all individuals:

(a) who own or owned residential real property in Washington State subject to a loan that was in default;

(b) which property, within the applicable statute of limitations, was entered upon by Bank of America and/or its agents prior to the completion of any judicial or non-judicial foreclosure, without Court order or the homeowner's post-default consent; and

(c) which entry upon the property by Bank of America and/or its agents was the proximate cause of damage to the homeowner by:

　　(i)    damaging the homeowner's real property; and/or

　　(ii)    damaging, destroying, or converting the homeowner's personal property or belongings; and/or

　　(iii)    generating fees or revenue for the benefit of Bank of America or its agents at the expense of the homeowner; and/or

　　(iv)    interfering with the homeowner's exclusive right to the full use

FIRST AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
(3:18-cv-05190-BHS ) Page 16 of 38

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

and enjoyment of the home.

### *CR 23(a)(1):  Numerosity*

6.2     The exact number of persons and/or entities similarly situated to the Representative Plaintiffs is currently unknown. However, on March 12, 2018, Bank of America removed this action to this Court (ECF No. 1). Pursuant to this removal, Bank of America represented to the Court that it had identified 4,003 that met the criteria of the Proposed Class as of March 12, 2018 (ECF No. 1-2).

6.3     On information and belief, Bank of America's unlawful acts and practices are widespread throughout Washington State.

6.4     Bank of America is one of the largest banks in the world, and it claims that its residential banking footprint encompasses 80% of United States consumers. *Supra*, ¶¶ 2.6-2.8. It does business in all fifty states, including Washington. *Id.*

6.5     For these reasons, it is estimated that the number of persons similarly situated to the Representative Plaintiffs number in the thousands; therefore, joinder of each individual proposed Class member is impracticable.

6.6     In addition, the exact number of persons similarly situated to the Representative Plaintiffs may be identified from Bank of America's records of borrowers in default and residences serviced in Washington State during the applicable statute of limitations, and such persons may be identified with particularity through appropriate judicial discovery procedures, such that it would be possible to give such persons actual notice of these proceedings, if required.

### *CR 23(a)(2):  Commonality*

6.7     There are questions of law and fact common among the claims of the proposed Class Members, including but not limited to:

(a)    the common actions Bank of America takes on proposed class members'

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

properties after a default but prior to completion of foreclosure;

    (b)  Bank of America's common policies or practices vis-à-vis post-default but pre-foreclosure property-related actions it takes upon proposed class members' properties;

    (c) Bank of America's common policies or practices for obtaining agents to perform the actions it takes upon proposed class members' properties;

    (d) the manner in which Bank of America instructs its agents that take action upon proposed class members' properties;

    (e) the level of control Bank of America has over its agents who take action on proposed class members' properties;

    (f) the level of supervision and oversight Bank of America exercises over its agents who take action on proposed class members' properties; and

    (g) Bank of America's common policies or practices for generating revenue from the actions it takes upon proposed class members' properties.

6.8    Additional common questions of law and fact are addressed below under *CR 23(b)(3): Predominance*.

### *CR 23(a)(3):  Typicality*

6.9    The claims of the Representative Plaintiffs are typical of the claims of the class.

6.10    Representative Plaintiff Haynes owned the Haynes Property at the time it was entered upon by Bank of America or its agents.

6.11    Likewise, Representative Plaintiff Kessler owned the Kessler Property at the time it was entered upon by Bank of America.

6.12    As such, Representative Plaintiff Haynes, Representative Plaintiff Kessler, and all members of the proposed class own or owned real property in Washington State, who, prior to completion of any judicial or non-judicial foreclosure, had their property entered upon by Bank of America or its agents for purposes of conducting property preservation services and

FIRST AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
(3:18-cv-05190-BHS ) Page 18 of 38

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

inspections upon their property, and were denied the exclusive right to fully use and enjoy their real and/or personal property by Bank of America and/or its agents.

6.13    As a result, Representative Plaintiff Haynes, Representative Plaintiff Kessler, and all putative class members have been damaged by Bank of America's actions, which actions constitute common violations of laws enacted for the protection of Washington State citizens.

6.14    Furthermore, Bank of America's defenses to the claims of Representative Plaintiff Haynes, Representative Plaintiff Kessler, and the proposed class members will be identical due to:  (i) Bank of America's reliance on a form of deed of trust provision purporting to allow so-called preservation services; and (ii) Bank of America's common policies and practices vis-à-vis its retention and supervision of agents, performance of preservation services, scope of preservation services performed, its response to consumer complaints, and its response to borrower requests for repair to and return of their property and requests for restoration of full and unfettered access to their property.

6.15    In short, because all claims implicate common facts and questions of law, Bank of America's defenses will too.

### *CR 23(a)(4):  Adequacy of Representation*

6.16    Representative Plaintiff Haynes and Representative Plaintiff Kessler will fairly and adequately protect the interests of the class.

6.16.1  Representative Plaintiff Haynes and Representative Plaintiff Kessler come before this Court as owners of properties that were trespassed upon, damaged, converted, and interfered with.

6.16.2  Representative Plaintiffs are in the same capacity as any other litigant seeking redress for grievances and class relief for the harm which has occurred.

6.16.3  Representative Plaintiffs have no interests that are antagonistic to those of the class, and are ready and willing to bring this class action in a representative capacity on behalf of the proposed class.

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

6.17    Plaintiffs' counsel will fairly and adequately prosecute the case on behalf of the proposed class.

6.17.1  Attorneys Jeffers, Danielson, Sonn & Aylward, P.S., are experienced trial attorneys who have engaged in extensive trial practice and have considerable experience in all aspects of class action litigation from several other class action cases.

6.17.2  Plaintiffs' counsel have the necessary skills, expertise, and competency to adequately represent the Representative Plaintiff's interests and those of the class.

### *CR 23(b)(2):  Injunctive Relief*

6.18    Bank of America has acted or refused to act on grounds generally applicable to the Representative Plaintiffs and all putative class members, thereby making final injunctive relief appropriate.

6.19    As detailed throughout this Complaint, Bank of America or its agents have a common practice of forcibly entering upon Washington borrowers' properties for purposes of conducting property preservation services and inspections thereon, damaging borrowers' real or personal property located therein, and denying borrowers the full use and enjoyment of their real and/or personal property.

6.20    Bank of America further has the right through agreements and policies to oversee and control its agents in the performance of inspections and so-called property preservation services, and requires its agents to perform destructive and disruptive acts upon Plaintiff Haynes', Plaintiff Kessler's, and putative class members' homes.

6.21    Although Bank of America is well aware that its agents commonly remove personal property from borrowers' properties even without Bank of America's instruction while conducting property preservation measures and inspections, Bank of America fails to properly supervise its agents while conducting property preservation measures and inspections. Bank of America has received complaints from borrowers about missing or damaged personal property yet continues to send agents unsupervised onto borrowers' properties and into borrowers'

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

homes and buildings.

6.22    Bank of America further has a common practice of not repairing, replacing, or reimbursing borrowers when they report property damage as a result of the above acts.

6.23    Bank of America also has a common practice of generating revenue through the performance of property preservation services by fees it charges borrowers and/or third-parties.

6.24    Bank of America's common practices interfere with the homeowner's exclusive right to possess and enjoy their home.

6.25    Bank of America has acted in such manners as applicable to Representative Plaintiff Haynes, Representative Kessler, and all proposed class members.

6.26    On information and belief, after the *Jordan* Decision, Bank of America never removed its locks from Plaintiff Haynes,' Representative Kessler's, or any other proposed class members' homes.

6.27    After the Supreme Court's *Jordan v. Nationstar* decision, Bank of America never affirmatively reached out to Plaintiff Haynes, Representative Kessler, or, on information and belief, any other proposed class member offering to restore their right to exclusive possession.

6.28    Therefore, on information and belief, Bank of America continues to maintain locks on proposed class members' properties prior to the conclusion of foreclosure, even after the *Jordan* Decision.

6.29    For these reasons, Plaintiffs seek class-wide injunctive relief against Bank of America to restrain and enjoin these behaviors.

### *CR 23(b)(3):  Predominance*

6.30    Numerous legal and factual questions pertaining to the proposed class members predominate over any questions affecting only individual members, including but not limited to the following:

6.30.1    Form Contract Provisions.    Plaintiffs will be able to establish the

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

elements of the claims using evidence common to the class because Bank of America purportedly derives its purported authority to enter upon borrowers' properties from unlawful form contract provisions applicable to all putative class members. These contract provisions are substantively identical in all cases. All such substantively identical form deed of trust provisions were found on July 7, 2016, to be "in direct conflict with state law and . . . unenforceable" by the Washington Supreme Court in *Jordan*. Such provisions are common to all putative class members and do not involve individualized inquiries.

6.30.2 <u>The Identity of the Property Owner.</u> Another element subject to common proof is the identity of the property owner. As the proposed class concerns only those properties entered upon by Bank of America prior to completion of any judicial or non-judicial foreclosure, there are no individual questions concerning the identity of the rightful property owner—*the borrower* owned the property at the time of entry, not anyone else. This is further detailed in the *Jordan* Decision, in which the Washington Supreme Court reaffirmed the borrower's right to exclusive possession of the property prior to the completion of any foreclosure proceedings.

6.30.3 <u>Bank of America's Relationship with its Agents.</u> Plaintiffs will be able to establish the elements of their claims using evidence common to the class because the primary inquiries involve *Bank of America's* conduct. That is, Bank of America has a common policy and practice of training and instructing its agents to enter properties, prior to completion of any foreclosure. Bank of America further instructs its agents to use whatever means necessary to enter properties, including drilling out the borrower's locks, and, once inside, agents are instructed to, *inter alia*, conduct specific activities therein. And, while Bank of America has the duty and ability to control its agents' conduct, it fails to adequately supervise its agents when they are on borrowers' properties, and therefore facilitates the personal property theft and damage suffered by members of the proposed class. Thus, evidence common to all members of the proposed class includes Bank of America's selection of, screening of, training

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

of, instructions to, and oversight of its agents. Such evidence is common to all putative class members and does not involve individualized inquiries.

6.30.4  <u>The Conduct of Bank of America's Agents in Entering and Damaging or Converting Borrowers' Property.</u>  Plaintiffs will be able to establish the elements of their claims using evidence common to the class because, as to all putative class members, Bank of America's agents acted similarly while on borrowers' properties; namely, they:  (a) committed unauthorized entry upon borrowers' properties; (b) conducted unlawful forcible entries involving damage to existing locks, padlocks, hasps, doors and/or windows; (c) damaged and converted personal property found thereon; (d) generated revenue, fees, and charges through the wrongful use of the borrowers' properties; and (e) interfered with borrowers' full use and enjoyment of their properties.  This theory is common to all putative class members and does not involve individualized inquiries.

6.30.5  <u>Bank of America's Policies and Procedures for Responding to Customer Complaints.</u>  Plaintiffs will be able to establish the elements of their claims using evidence common to the class because Bank of America's policies and procedures for responding to customer complaints of its agents' entry, conversion of borrowers' property, wrongful fees and charges, and interference with borrowers' full use and enjoyment of their property are the same in all cases.  That is, Bank of America does not immediately restore exclusive possession of the property to the owner, does not return or replace the property's original locks, does not remove its locks from the property upon demand, does not waive or release fees or charges, and does not return or replace personal property removed from the property.  These facts are common to all putative class members and do not involve individualized inquiries.

6.30.6  <u>Bank of America's common policies and procedures of generating revenue, fees, and charges from its unlawful entries into Plaintiffs' and proposed class members' properties.</u>  Plaintiffs will be able to establish the elements of their claims using evidence common to the class because Bank of America's common policies and procedures for

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

generating revenue, fees, and charges from its agents' entry, conversion of borrowers' property, and interference with borrowers' full use and enjoyment of their property are the same in all cases.  That is, Bank of America receives revenues from its or its agents' entries and so-called property preservation activities. This fact is common to all proposed class members and do not involve individualized inquiries.  Indeed, on March 12, 2018, Bank of America submitted sworn testimony in this action that its records showed that $7,132,637.79 had been charged to the proposed class (ECF No. 1-2).

6.30.7  <u>Class Members' Damages.</u>  Plaintiffs will be able to establish the elements of their claims using evidence common to the class because all putative class members suffered the same type of damage; namely, injury to real property from Bank of America's forcible entry, conversion of or damage to personal property, restitution of revenues received as a result of Bank of America's unlawful actions and forcible entries, and interference with the borrower's exclusive right to the full use and enjoyment of the property by the borrower.  This fact is common to all putative class members and will not require individualized inquiries.

6.31    As a result, the prosecution of a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6.32    Individual actions are not likely to seek sufficient damages to warrant assuming the cost of litigation.  Here, the damages sustained by each proposed class member are not large, generally including damage to locks, conversion of personal belongings, restitution, and fair rental value damages.  Therefore, each putative class member will have difficulty maintaining an individual action, and a class action is a superior method to adjudicate their claims.

6.33    In addition, thousands (or more) of individual actions would greatly congest the Washington State courts.

6.34    A class action is the most cost-effective way for consumers to prevent future economic and pecuniary loss to thousands (or more) of Washington citizens and members of the public at large by Bank of America.

FIRST AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
(3:18-cv-05190-BHS ) Page 24 of 38

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

6.35    This action is superior to any other available method for the fair and efficient adjudication of the controversy.

## VII.    FIRST CAUSE OF ACTION:
## COMMON LAW TRESPASS

7.1    Bank of America and/or its agents wrongfully and intentionally entered onto the Haynes Property, the Kessler Property, and properties owned by borrowers throughout the state of Washington in advance of the conclusion of any foreclosure proceedings.

7.2    As detailed by the Washington Supreme Court in *Jordan*, prior to the completion of any foreclosure proceedings, the borrower has the exclusive right to possess their property, and Bank of America has no legal right to be there.  Therefore, Bank of America's entry upon borrowers' properties is an invasion that affects the borrower's interest in their exclusive possession of the property.

7.3    Bank of America's intent to invade borrowers' possessory interests is demonstrated by its claimed authority purportedly granted in its form deed of trust provisions, which claim to permit such entries in the event of default or abandonment of properties — which the Washington Supreme Court invalidated.

7.4    Such intent to enter is further evidenced by Bank of America's or its agents' acts of changing borrowers' locks, performance of so-called "preservation services" on borrowers' properties, and the notices left for homeowners to contact Bank of America or its agents to obtain entry to their properties or further information.

7.5    Bank of America remained on the Haynes Property, the Kessler Property, and on borrowers' properties during the period of entry and thereafter by changing the locks and requiring borrowers to contact Bank of America and/or its agents in order to regain full access to their properties.

7.6    It was reasonably foreseeable that Bank of America's unauthorized and unlawful entries onto borrowers' properties in advance of the conclusion of any foreclosure proceedings would invade borrowers' possessory interests in those properties.

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

7.7     As a result of Bank of America's acts as detailed above, Representative Plaintiff Haynes, Representative Kessler, and putative class members suffered the damages detailed herein in an amount to be proven at trial.

## VIII.   SECOND CAUSE OF ACTION:
## INTENTIONAL TRESPASS (RCW 4.24.630)

8.1     Bank of America entered onto the Haynes Property, the Kessler Property and properties owned by borrowers throughout the state of Washington.

8.2     Bank of America intentionally, unreasonably, and forcibly entered onto such properties, and intentionally and unreasonably damaged or removed property thereon.

8.3     For example, Bank of America damaged locks and doors on the Kessler Property, kept or destroyed the locks, entered the Haynes Property, damaged personal property in the Haynes Property, and denied Representative Plaintiff Haynes the full use and enjoyment of her personal and real property.

8.4     Likewise, Bank of America damaged the lock on the door of the Kessler Property, kept or destroyed the locks, entered the Kessler Property, removed personal property from the Kessler Property, and denied Representative Plaintiff Haynes the full use and enjoyment of her personal and real property.

8.4     Bank of America intended to act in this manner, as evidenced by its instruction to its agents to engage in these behaviors, and its deliberate acts to engage in these behaviors. Bank of America's intentionality is further evidenced by its instructions to its agents to maintain its locks on borrowers' properties even after the *Jordan* Decision, and use those locks to enter the properties, conduct property preservation and inspection services therein, and remove personal property.

8.5     Bank of America, as a business operating in Washington state, is or should be aware of Washington law, including RCW 7.28.230. On information and belief, Bank of America made no sufficient effort to determine if its conduct complied with Washington law.

8.6     Bank of America knew or had reason to know that it had no authorization to

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

engage in such behaviors because the form contract provisions it relied upon—while undisputedly unlawful—nevertheless do not authorize damage to real or personal property and do not authorize interference with the owner's (or other lawful occupant's) full use and enjoyment of the property.

8.7    On information and belief, Bank of America knew or should have know that its conduct violated long-established Washington law, as well as RCW 7.28.230. On information and belief, by engaging in the conduct anyway, Bank of America intended to violate long-established Washington law, as well as RCW 7.28.230.

8.8    Further, the Supreme Court's opinion in *Jordan* determined such pre-foreclosure lock changes and other property preservation activities to unlawfully interfere with the homeowner's exclusive right to pre-foreclosure possession. Nonetheless, on information and belief Bank of America has never removed or attempted to remove the locks that remained on class members' properties prior to the conclusion of any foreclosure even after the *Jordan* Decision, and it continues to enter such properties. Stated otherwise, Bank of America continues to interfere with class members' locks prior to the completion of foreclosure even after the Supreme Court's guidance clearly determining such interference to be unlawful.

8.9    Bank of America engaged in the above actions wholly without permission of Representative Plaintiff Haynes, Representative Plaintiff Kessler, other Washington borrowers, or any court of lawful jurisdiction.

8.10    It was substantially certain that Bank of America's and/or its agents' above-described actions would substantially damage the Haynes Property, the Kessler Property, and the properties of other Washington borrowers, including, but not limited to, by the forcible removal and destruction of Plaintiff Haynes', Plaintiff Kessler's, and other borrowers' locks.

8.11    Bank of America's actions are part of its common practice relative to countless Washington borrowers.

8.12    As a result, Bank of America wrongfully caused waste or injury to these

FIRST AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
(3:18-cv-05190-BHS ) Page 27 of 38

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

properties or wrongfully injured personal property or improvements to real estate on land.

8.13    Bank of America's actions above each constitute separate violations of RCW 4.24.630.

8.14    As a direct and proximate result of Bank of America's and/or its agents' violations of RCW 4.24.630, Representative Plaintiff Haynes, Representative Plaintiff Kessler, and putative class members have suffered damages to their property in an amount to be proven at trial.

8.15    Bank of America is liable to Representative Plaintiff Haynes, Representative Plaintiff Kessler, and putative class members for treble the amount of damages caused by its violations of RCW 4.24.630.

8.16    Bank of America is liable to Representative Plaintiff Haynes, Representative Plaintiff Kessler, and putative class members for their reasonable attorneys' fees and costs pursuant to RCW 4.24.630.

## IX.    THIRD CAUSE OF ACTION:
## NEGLIGENT TRESPASS

9.1    Trespass occurs when a person intentionally or negligently intrudes onto the property of another. *Jackass Mt. Ranch v. S. Columbia Basin Irr. Dist.*, 305 P.3d 1108, 1122, 175 Wn. App. 374 (2013).

9.2    As Plaintiffs' lender, and/or the servicer of Plaintiffs' loans, Bank of America owed Plaintiffs a duty to act reasonably and take reasonable measures to analyze the propriety of its conduct in connection with such loans and carry out such conduct as a reasonable person would in the same or similar circumstances.

9.3    Further, upon learning that its practices of ordering vendors to enter Washington borrowers' properties, change or maintain locks, and conduct property preservation services and interior inspections therein caused harm, Bank of America owed Plaintiffs a duty to mitigate reasonably foreseeable harm stemming as a result of that conduct.

9.4    On information and belief, Bank of America made no sufficient effort to

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

determine if its conduct in connection with these loans complied with Washington law.

9.5    Bank of America breached its duties when it entered the properties of Plaintiffs or directed its vendors to enter upon the properties of Plaintiffs and caused damage and interfered with Plaintiffs' right to exclusive possession. Bank of America likewise breached its duties when it continued to maintain its locks on Plaintiffs' properties and conduct further interior inspections and property preservation activities even after the *Jordan* Decision.

9.6    On information and belief, prior to the *Jordan* Decision, Bank of America received a number of complaints from other borrowers challenging pre-foreclosure lock changes and personal property removals. On information and belief, Bank of America breached its duty to Plaintiffs by failing to change its policies and practices in response to these complaints and continuing to enter and/or maintain locks on Plaintiffs' properties.

9.7    As a result of these breaches, Bank of America proximately caused Plaintiffs to suffer harm, including damage to their real property, the loss of and damage to their personal property, interference with their exclusive right to pre-foreclosure possession, and restitution, in amounts to be determined at trial. If Bank of America had reasonably analyzed the lawfulness of its conduct and/or changed its policies and practices in response to prior complaints, Plaintiffs would not have suffered the harm described above.

9.8    Bank of America's actions are part of its common practice relative to countless Washington borrowers.

9.9    As a result, Bank of America is liable for negligently trespassing upon the properties of Plaintiff Haynes and Plaintiff Kessler. Bank of America is similarly liable to members of the proposed class.

## X.    FOURTH CAUSE OF ACTION:
## VIOLATION OF CONSUMER PROTECTION ACT (RCW 19.86, *et seq.*)

10.1    <u>Bank of America Engaged in Unfair or Deceptive Acts and Practices.</u>

10.1.1 The following actions of Bank of America constitute unfair *and* deceptive acts and practices for the purposes of RCW 19.86, *et seq.*:    Bank of America's

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

common practices of unlawfully entering borrowers' properties in advance of the conclusion of any foreclosure proceedings; conducting forcible entries via destruction of existing door locks; keeping the locks; damaging doors and windows, converting personal property; refusing to refund, repair, or compensate for damage caused; generating revenue, fees, and charges; denying owners or legal occupants the full use and enjoyment of their real and/or personal property; and failing to respond or timely respond to class members' demands for repairs and access to their property.

10.1.2  These acts are unfair because the Washington Supreme Court in *Jordan* deemed such practices a clear violation of well-established Washington state law, and the deed of trust provisions purporting to authorize them unenforceable as contrary to law.

10.1.3  These acts are further unfair because of the unequal bargaining power between the individual homeowner or occupant and a large, multi-national company who (or on whose behalf its agents) forcibly enters properties, destroys existing locks, places its own locks on the properties for the express purpose of providing future, un-noticed entries, interferes with owners' or legal occupants' full use and enjoyment of the properties, converts and damages personal property located upon the properties, and refuses to refund or replace damaged or converted property.

10.1.4  These acts are also unfair because they allowed Bank of America and/or its agents to enter borrowers' properties without permission, without court order, and without advanced notice, in order to generate revenue from inspections and property preservation measures conducted therein. Such acts offend well-established Washington law, including RCW 7.28.230.

10.1.5  These acts are deceptive because, when Bank of America or its agents perform them, the property owner is unaware that they are occurring, and such acts are not authorized via any form deed of trust provision.

10.1.6  These acts are further deceptive because the acts themselves—as well as

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

the notices Bank of America and/or its agents post on borrowers' properties—communicate wrongfully to the borrower that Bank of America and its agents have the right to possess and/or enter the borrower's home prior to the completion of any foreclosure and without court order or post-default borrower consent.

10.1.7 These acts are further deceptive because the notices that Bank of America or its agents place on the borrowers' properties do not inform the borrowers of their right to the exclusive possession of their property or their right to have their property returned or repaired.

10.1.8 These acts are also deceptive because Bank of America continued to maintain its locks on borrowers' homes even after the *Jordan* Decision, without offering to remove them or notifying the borrower of their right to exclusively possess their property.

10.1.9 Bank of America engaged in similar unfair and deceptive acts and practices vis-à-vis hundreds (or thousands) of Washington borrowers.

10.2    <u>Bank of America's Acts Occurred in Trade or Commerce.</u>  Bank of America's unfair and deceptive acts occurred in trade or commerce because Bank of America represents itself to be one of the largest lenders in the country and was the lender in charge of servicing the Haynes Property, the Kessler Property, as well as proposed class members' properties at the time of the challenged acts.

10.3    <u>Bank of America's Acts Impact the Public Interest.</u>

10.3.1 Bank of America's unfair or deceptive acts impacted the public interest because they were committed in the course of Bank of America's business, Bank of America advertises similar services to the public in general, and Bank of America and Representative Plaintiff Haynes, Representative Plaintiff Kessler, and proposed class members (as individual consumers) occupy unequal bargaining positions.

10.3.2 Bank of America engages in a course of conduct whereby the same or similar unfair or deceptive acts are repeated as to borrowers across Washington State.

FIRST AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
(3:18-cv-05190-BHS ) Page 31 of 38

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

10.3.3  There exists a real and substantial potential for repetition of Bank of America's conduct in the future because, on information and belief, Bank of America is one of the largest lenders in the country and Bank of America continues to maintain its locks and enter upon Washington borrowers' properties prior to the completion of foreclosure and generate revenue as a result.

10.4    Causation.

10.4.1  Causation is satisfied through the common proof that Bank of America's policy and practice is to instruct its agents to enter borrowers' homes, to do so forcibly, to convert personal property therein, and to place and maintain its own locks, lock boxes, padlocks, and hasps on borrowers' properties.

10.4.2 These common instructions proximately cause borrowers' damages because, *but for* Bank of America's instructions to its agents, there would be no entry, conversion, or interference resulting in damage to borrowers.

10.5    Injury to Business or Property.  As a direct and proximate result of Bank of America's unfair or deceptive acts as set forth above, Representative Plaintiff Haynes, Representative Plaintiff Kessler, and proposed class members have suffered injury to their properties in an amount to be proven at trial.

10.6    Bank of America's above-listed unfair or deceptive acts constitute violations of RCW 19.86, *et seq.*

10.7    Bank of America is liable to Representative Plaintiff Haynes, Representative Plaintiff Kessler, and proposed class members for treble the amount of their damages caused by the violations of RCW 19.86, *et seq.*

10.8    Bank of America is liable to Representative Plaintiff Haynes, Representative Plaintiff Kessler, and proposed class members for their reasonable attorneys' fees and costs pursuant to RCW 19.86, *et seq.*

## XI.    FIFTH CAUSE OF ACTION:
## NEGLIGENT SUPERVISION

FIRST AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES
(3:18-cv-05190-BHS ) Page 32 of 38

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

11.1    Bank of America owed Representative Plaintiff Haynes and Representative Plaintiff Kessler a duty to act as a reasonably careful person would under the same or similar circumstances, including a duty to reasonably assess the lawfulness of its conduct. Upon learning of harm caused by its property preservation activities, Bank of America owed Representative Plaintiff Haynes and Representative Plaintiff Kessler a duty to mitigate foreseeable harm resulting from those activities.

11.2    On information and belief, Bank of America has agreements, policies, and/or procedures instructing its vendors that they may not remove non-hazardous personal property prior to the completion of foreclosure from Washington borrowers' properties without express order by Bank of America.

11.3    Bank of America's vendors are its agents and, on information and belief, Bank of America expects its vendors to comply with all requirements set forth in Bank of America's agreements, policies, and/or procedures. On information and belief, Bank of America has the right to control its vendors' conduct and to mitigate foreseeable loss resulting from that conduct. However, on information and belief, Bank of America engages in little to no direct oversight when its vendors are completing work in the field.

11.4    On information and belief, despite its policies and prior to entering Representative Plaintiff Haynes and Representative Plaintiff Kessler's Properties, Bank of America received direct complaints from borrowers indicating that its personal property policies were not being followed. On information and belief, complainants alleged that Bank of America and/or its agents removed and/or damaged personal property prior to the completion of foreclosure during the completion of property preservation and/or inspection activities. On information and belief, Bank of America did not change its policies and practices in response to these borrower complaints: it did not increase supervision over its vendors in response to these borrower complaints. A reasonable actor in similar circumstances would have changed is policies or practices in response to these complaints.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

11.5    Even after receiving such complaints, Bank of America ordered one or more vendors to change one or more locks and enter the interior of the Haynes Property and Kessler Property.    On information and belief, each of these vendors were sent to the property unsupervised.

11.6    Bank of America received a similar complaint from Plaintiff Kessler. However, on information and belief, it did not change its policies or increase supervision over its agents in response.

11.7    While on the Haynes Property, one or more vendor damaged Plaintiff Haynes' personal property. This damage was foreseeable, particularly in light of the complaints discussed above.

11.8    While on the Kessler Property, one or more vendor removed Plaintiff Kessler's personal property. This damage was foreseeable, particularly in light of the complaints discussed above.

11.9    Plaintiff Kessler's personal property was never returned, and neither Plaintiff Kessler nor Plaintiff Haynes were reimbursed for missing or damaged personal property.

11.10    By failing to take reasonable action in response to the complaints discussed above, and sending vendors to the Properties unsupervised, Bank of America breached its duty to Plaintiff Haynes and Plaintiff Kessler.

11.11    That breach proximately caused Plaintiff Haynes to suffer damage to her personal property and Plaintiff Kessler to suffer loss of personal property, in amounts to be proven at trial. Had Bank of America adequately supervised its vendors, neither Plaintiff would have suffered the pre-foreclosure damage or loss to personal property.

11.12    Bank of America's actions are part of its common practice relative to countless Washington borrowers.

11.13    As a result, Bank of America is liable to Plaintiff Haynes and Kessler for negligently supervising its agents. Bank of America is similarly liable to members of the

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1  proposed class.

## XII.    SIXTH CAUSE OF ACTION:
## CONVERSION

12.1    Bank of America instructs its agents to remove personal property and belongings from borrowers' residences in the course of "property preservation services."

12.2    Representative Plaintiff Kessler enjoyed a possessory property interest in the personal property that Bank of America removed from the Kessler Property, because the locks and other items that were taken belonged to Plaintiff Kessler.

12.3    Bank of America's removal was unjustified because Bank of America intentionally removed personal property belonging to Representative Plaintiff Kessler, without consent or permission of Plaintiff Kessler and without authority of the court.

12.4    Bank of America's acts constitute willful interference with chattel because Bank of America acted intentionally and its acts of removal deprived Representative Plaintiff Kessler of the possession and control of its personal property.

12.5    To date, Bank of America has not returned the personal property it took from the Kessler Property to Plaintiff Kessler, despite a demand that such personal property be returned.

12.6    Such failure to return constitutes an unjustified and willful interference with Plaintiff Kessler's personal property and demonstrates an intent to exercise permanent dominion or control over Plaintiff Kessler's personal property.

12.7    Bank of America's unjustified interference with Plaintiff Kessler's personal property with intent to exercise dominion and control of the personal property without lawful justification constitute acts of conversion.

12.8    Bank of America's actions are part of its common practice relative to countless Washington borrowers.

12.9    As a direct and proximate result of Bank of America's conversion, Representative Plaintiff Kessler suffered damages in an amount to be proven at trial.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

12.10   Bank of America is similarly liable to countless Washington borrowers who experience the same or similar wrongs as Representative Plaintiff Kessler.

**PRAYER FOR RELIEF**

WHEREFORE, Representative Plaintiff Haynes, Representative Plaintiff Kessler, individually and on behalf of others similarly situated, demand judgment against Bank of America as follows:

1.      For entry of a judgment in favor of Representative Plaintiff Haynes, Representative Plaintiff Kessler, and proposed class members against Bank of America for damages in an amount to be proven at trial, including treble damages pursuant to RCW 4.24.630, RCW 19.86.090, and/or other applicable law;

2.      For entry of a judgment in favor of Representative Plaintiff Haynes, Representative Plaintiff Kessler, and proposed class members and against Bank of America for reasonable attorneys' fees and costs pursuant to RCW 4.24.630, RCW 19.86.090, and/or other applicable law;

3.      For an entry of judgment in favor of Representative Plaintiff Haynes, Representative Plaintiff Kessler, and proposed class members for pre-judgment interest on all damages;

4.      For injunctive relief restraining Bank of America from further violation of RCW 19.86, *et seq.*, as alleged herein; and

5.      For such other and further relief as the Court deems just and equitable.

//

//

//

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

DATED this 11th day of April, 2018.

By: s/CLAY M. GATENS
Clay M. Gatens, WSBA No. 34102
Devon A. Gray, WSBA No. 51485
JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
2600 Chester Kimm Road
P.O. Box 1688
Wenatchee, WA 98807-1688
Telephone: 509-662-3685
Fax: 509-662-2452
Email: ClayG@jdsalaw.com
Email: DevonG@jdsalaw.com
Attorneys for Plaintiff

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. Notice of this filing will be sent to the parties listed below by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Ramina Dehkhoda-Steele      rarustamova@wongfleming.com

DATED at Wenatchee, Washington this 11th day of April, 2018.

By: s/CLAY M. GATENS
Clay M. Gatens, WSBA No. 34102
JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
2600 Chester Kimm Road
P.O. Box 1688
Wenatchee, WA 98807-1688
Telephone: 509-662-3685
Fax: 509-662-2452
Email: ClayG@jdsalaw.com
Attorneys for Plaintiffs

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688